Pallant debtor in this case, counsel. This case arises out of a decision by Judge Kressel in response to a motion objecting to the exemption by my client of two retirement accounts that he received from his wife's retirement during their or through their divorce. Judge Kressel ruled from the bench stating that under the definition set out by the the funds need to be set aside by the debtor in order to be retirement funds. And he didn't give any other any other finding. Now it's always been the appellant's position that that is not the case. That you don't it doesn't need to be the debtor's funds. It can be the spouse's funds. And the reason I have that opinion is that in the Supreme Court case, the Clark case, there's they distinguish between accounts that are inherited by the spouse and by the non-spouse. And then they go into this although the differentiating IRS rules and whatnot. And they call the non-spousal inherited accounts inherited IRAs. Now it's interesting that and I was fairly confident that I would prevail today but I'm even more so because I pulled the Court of Appeals decision and frankly it's it's it's it could have been written by the Supreme Court. It's it's almost the same thing. So the Supreme Court followed the appellate court decision and in that decision the the court the appellate court said this appeal presents the question whether a non-spousal inherited individual retirement account is exempt. Non-spousal. In the Supreme Court, Justice Sotomayor said the question presented is whether funds contained in inherited individual retirement account qualifies retirement. So it didn't say the spousal. But if this and affirmed the Court of Appeals. If the Supreme Court thought that the inherited accounts and non-spousal. Was he was your client a spouse at the time he obtained the funds? Yeah well it was through a divorce decree. So he wasn't the spouse? He wasn't the spouse. But the same rules apply. I mean the tax. Oh there's a different the Supreme Court distinguishes the rules of the IRS between spouses and non-spouses. Right but this is. Was there a quadro? No not yet. It was just under the. So whose name are those? There it's still in the wife's. There's an there's a 401k and that's still in the wife's name in an IRA. That's still in her name. So at the time he filed they were retirement accounts. But they weren't his retirement accounts at the time he filed and exemptions are determined on the date of filing. He may have had an interest in them and that interest might be exemptable. But it's certainly not going to be exemptable as a retirement account because he doesn't own the retirement accounts correct? Well. I mean even if we accept your argument about it being possibly being it wasn't his retirement account on the petition date. Well it yes I believe that under there's some I cited in my brief some an Ohio case that the pretty much the same situation and the court in that case ruled that he had an interest in that account because of the marital interest. He has an interest and that's a separate but an interest isn't the same thing as the account. He has an an undetermined marital interest because the divorce court could have easily said he was going to get none of it correct? Yes. So he doesn't have a quantifiable interest. This marital interest isn't quantifiable on the petition date. Well by that time it was because we know what the numbers were. It is yes. Did the funds still remain in her? The funds remain with the fund holders. With the wife? Yes with the trustees of the funds. Trustee for whom? Of the funds. For whom the husband or the wife? Well subject to a domestic relations order ordering that 19,000 of the 401k be awarded to my client. Okay so you're not you're not understanding my question. I'm not under the code certain actions that happen after the filing may bring property into the estate. One of those is property settlements. Did that occur within I think it's 180 days? No it was before your honor. The divorce decree was. I understand the divorce. It was within 180 days yes. Did the IRA and the 401k go into your client's name within 180 days of the filing? No. All right. Now to to be clear did did your client or his trustee hold the proceeds? No when I said trustee I meant the trustee of the funds but no the the bankruptcy trustee does not hold the funds. I didn't ask that. Okay I'm sorry. Let me try it again. Sure. Too many trustees is a problem I think. When the when the bankruptcy was filed by your client did he hold the proceeds that he had obtained from his former spouse? No. Where were the proceeds? They still were held by the funds at Wells Fargo by the 401k fund and by the IRA fund. So so Judge Nail is correct he had an interest in her retirement account. Yes that was also his interest because it was marital property. Now if he's no longer the the spouse then an inherited IRA from a spouse that's no longer your spouse either because the person is dead. So but you know the the exemptions are supposed to be interpreted liberally and to give to give the debtor a fresh start and here the debtor has an interest in those proceeds a marital interest they were they were put aside for not only his wife's retirement but also his retirement. Where does it say that in the record? Well their marital property. All right is this a community state? No but it was determined to be marital property by the. But when she retired she would get the funds and she could choose to use them to assist in his retirement or choose not to correct? That's true. So I'm not understanding how it's his retirement the funds weren't going to come out of the fund the funds weren't going to come out of the IRA or the 401k upon his retirement if they'd stayed married? No. Correct. Could he contribute his own funds to either of those accounts? No not until he received them now he's well he has. He'd have to have it he'd have to create his own 401k at that point wouldn't he he couldn't roll them over? Yes funds received in a well through a quadro or through can be those are once you receive you can roll them into your own IRA and those are your funds. But we don't have we don't have. We don't have that yet. Okay yeah. We the reason we don't have that yet is because the the appellee has a claims job an attorney's lien against those funds and was trying to to collect those funds despite the fact that we're claiming that they are exempt. I believe that they they are not the 401k funds are not property of the estate I don't believe under the anti-assignment clause and the IRA is a small IRA like two thousand dollars. But my whole point with this analogy to the inherited spouse is that it doesn't necessarily have to be earned or deposited by the debtor. It's you look at when what was the point of putting that money away it was put away for the marital community for the both both couples. Well I understand you want to say that but we're in the record is that the case? Well it's under I mean I've got a I've got a retirement account too and I fully anticipate that when I retire my wife will benefit from it but I don't know that it's her retirement account just because I might choose to share. Well if in Minnesota when you get divorced that is half a year if it's marital property that is also your property and what's the nature of it the nature of it is retirement and that's what the court said the the the court in Clark said look at it at the time it was put away what was it it was retirement. But it was her retirement not his. Yes but to the extent I you know I'm beating this the the the marital property horse to a to a pulp but that is our position is that it it was marital property. Under under Minnesota law does a spouse have a specific interest in all of the assets of the other spouse or is that and this when intangible interest that gets determined upon in the event of a divorce? It when a divorce decree a divorce petition is it's served or filed right then they determine. Right but before that does the does the. It's an insured interest yeah yeah it's not Minnesota is a title state. Okay. But the fact that it didn't get transferred I don't think seals the day for my client because he did have that that interest in it and it just needed to be transferred over after the after the divorce was final. I'm going to reserve my thank you five minutes thank you. Ms. Hauser. Good morning your honors may it please the court I'm Andrea Hauser on behalf of the appellee Seelof and Associates. The question before the court is whether the debtors claimed exemption in his interest in the IRA and 401k accounts under 11 U.S.C. 522b3c meets the conditions that the U.S. Supreme Court has Patterson v. Shoemate. Let me ask you this Ms. Hauser let's say we agree with you and deny the exemption what happens to those funds? If they are not exempt property then they are part of the bankruptcy estate my client does have a perfected attorney's lien which cannot be avoided in the bankruptcy and he would be entitled to assert that lien. So you're essentially collecting the retirement funds on behalf of the estate is that right? The trustee hasn't lodged a separate objection with regard to this. No the trustee has not. Under these two Supreme Court cases first the funds claimed as exempt must be retirement funds which the Supreme Court has defined as sums of money set aside for the day when an individual stops working. The funds must be in a tax exempt account and must be subject to restrictions on transfer. The Supreme Court requires an objective test which focuses on the legal characteristics of the account holding the funds in question and the questions would be whether the debtors required to use the funds for retirement or cost of disability and is the debtor's access to the funds limited in the same fashion as his ex-wife's access and use of the funds was limited and under the Patterson case also the funds must be subject to anti-alienation provision that limits the debtor's access and protects the funds from the reach of creditors. But I the Patterson component isn't disputed is it? Your Honor this was a spendthrift trust in the sense that it qualified under the Internal Revenue Code right? It is yes it is but once assuming that the quadro is entered. Well that that didn't happen why are we talking about hypotheticals then? Your Honor since there is a a court order in the state court regarding the property settlement we're not we're assuming that the debtor does have a vested interest in these funds. That said while the currently the funds remain in the title of the ex-wife and you're right there it is a trust fund for her benefit. However at the point in the future when these funds eventually come into the debtor's possession or should that occur there's no longer a trust for his benefit. He has complete access to the funds and for that reason we think that this case is similar to the Clark v. Ramacou decision and looked at these specific facts and the characteristics of the account and because the debtor could not add funds to in that case an IRA account and and that the the debtor the debtor's funds no longer had the tax advantages of an ERISA qualified account. The debtor could withdraw the funds without facing any early withdrawal penalty and the debtor is not required to hold the funds for retirement that they these these accounts do not meet the definition of retirement funds under 522bc3. And all of those facts are present here as we've laid out in our brief. The appellant asserts that he intends to roll over the funds into a retirement account. However that is not the issue it's the question whether the debtor is either required or whether the debtor has complete unfettered access. Well his intent is not relevant if the test is objective. Exactly your honor exactly. The appellant also cites to the Lawson case a recent case from the bankruptcy court in Ohio which also involves a debtor's claimed exemption in the proceeds of her ex-husband's IRA account. However the Lawson court did not cite Clark v. Ramacou. Instead it looked at the Patterson holding and concluded that because the funds were ERISA qualified funds when the when when prior to the divorce that the debtor ex-husband would also have the benefits of that ERISA qualification. However the Patterson case applies to a debtor who's attempting to exempt his own funds and for that reason whereas here we're talking about an ex-spouse seeking to exempt the funds he does not yet have. The debtor seeking to exempt his ex-spouse's funds and those funds are no longer held in trust. Yeah the Patterson Shoemake case I think is a simple 541 c2 case that says what is what is and what is not property of the estate acknowledging that if you have a spendthrift provision in a trust it does not become property of the estate. Correct and and as I mentioned earlier assuming that these funds that the debtor comes into title to these funds there it's no longer a spendthrift trust for the debtor's benefit. And and for that reason then when the debtor ultimately accesses the IRA and 401k proceeds through a quadro should that happen the objective of the ERISA anti-alienation clause of safeguarding the retirement funds for the beneficiary benefit that that objective is is not met in this instance. So going back to the Clark v. Ramacher case these funds are cannot be exempted as retirement funds if the debtor has unfettered access to the funds regardless of his intention then they are property of the estate or his interest is property of the estate. So that that's the the distinction that we should be making I suppose you I don't think you can argue that he has unfettered access when he only had at the was ERISA qualified but but Mr. Headke doesn't even argue that he says it is property of the estate and I can take from property of the estate my exempt property both skipping over the fact that the estate's interest was an interest in her account not the account itself or the proceeds of the account well maybe it's a distinction without a difference but I don't think so your honor I see I have additional time which I'll reserve for thank you thank you Mr. Headke uh to address what Judge Shermer just said perhaps I misspoke or he misunderstood me I do maintain that the funds being held in the 401k are not property of the estate under 541 they maintain that then you can't claim them exempt you can't claim it as well because the exemption statute specifically says you can choose property as exempt from property of the estate I've seen cases where well this Lawson I was going to refer to Lawson too and but the cases have to comply with the statute the reason I yeah okay well then if it's not property of the estate see I'm concerned about what happens was all about an objection to a claim exemption yes right um well uh I I guess with that one thing is that the the appellee is miss miss summarizing the IRS tax attributes of 401k accounts and IRA accounts that are awarded to it a spouse following a divorce they're they're very similar to a what happens with an inherited IRA goes going to the spouse you can turn those into your own IRA you're not and they they know you can't they have to it's an inherited IRA no no no I'm not talking qualifications than your own starting your own IRA starting with when it's when you get it through a divorce you you can roll it into your own IRA but your client didn't do that he didn't do that yet he has an interest in her IRA based on the domestic relations order so the tax issue is really not even not at this point no yeah and um now a lot of times quadros take years to be to be uh months if not years to be actually implemented because of the different um the the way that the different trust funds the IRA for the 401k funds look at and nitpick the the the proposed quadro um but well the best we can do then is argue that pursuant cargo just freeze the account and it's maintained its hold status through this litigation that would be my understanding yeah I haven't contacted proposing counsel the same question um is that I guess you're uh the best we can do then is is just say that um he we believe that he has an interest in that account um and I was taking an exemption out of caution because following the uh following bankruptcy I'm not quite sure what's going to happen when they try to when they try to get that I think it's it an attorney's lien is an odd egg it's an odd animal it's not used very often and I think what they have to do is they have to it's not a judicial lien it's a statutory what they have to do though is use the judicial collection procedures and you get a route of execution and you levy on it and then I'm thinking to counter that you claim an exemption and the reason I'm concerned about that is is that exempt assets are not subject to a to an attorney's lien that's pretty clear it's in my original uh my memorandum to the bankruptcy court uh that issue isn't in that isn't here no but that's that's the reason I I advise my client to exempt the asset but okay thank you your honor and judge showed in raises an interesting point when she says the issue of the attorney lien isn't before us but it was briefed and I want to give you an opportunity to convince the three of us that this validity of the attorney's has any bearing whatsoever on the allowance or disallowance of the proof of claim of the exemption I'm sorry not with regard to the exemption no your honor okay because I I thought that judge Kressel spent a fair amount of time trying to clarify that it had no bearing on the issue and I was a little bit surprised to see it being briefed uh on appeal when he seems to be right I'm only speaking for myself not for these two we want we wanted to just attorneys leave but you're agreeing with us this morning that that has no bearing on the issue of whether the exemption should be allowed or not correct thank you for that appreciate that um you questioned uh the status of the accounts and I asked specifically if wells had maintained the account through all this litigation as I understand yes your honor uh the quadro paperwork was submitted and rejected for some technical reason there was some issue that the accountant attorneys were working on and but yes the accounts remain there if your honors have no further so is this a timing question if they were attempting to get the quadro done within the time frame under 541 the bankruptcy hasn't interrupted that process is that correct the the the bankruptcy the automatic stay in the bankruptcy has not prevented these funds from being transferred your honor I I hesitate to answer that question because I know that that did come up I don't know how it was resolved thank you and there is a case out of Ohio where there's lengthy discussion about the relevance of the timing of the quadro but our argument is we analyze the legal characteristics of the account to determine whether the exemption can be claimed thank you we're adjourned we'll be in recess until further notice